**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ILLINOIS NATIONAL INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,**<br><br>          **Plaintiffs,**<br><br>   v.<br><br>**FERNANDO CORNETT,**<br><br>          **Defendant.**<br>_____ | 1:20-cv-00008 |

**TO:**   Lee J. Rohn, Esq.
        Carol Rich, Esq.
        Gregory A. Gidus, Esq.
        Heidi Hudson Raschke, Esq.
        Malorie Winnie Diaz, Esq.

**ORDER DENYING MOTION TO RECONSIDER THE DENIAL OF MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court upon Defendant Fernando Cornett's Motion to Reconsider the Denial of Motion for Protective Order (ECF No. 59), Plaintiffs Illinois National Insurance Company's and National Union Fire Insurance of Pittsburgh, PA.'s ("Insurers") Opposition (ECF No. 64), and Cornett's Reply.

Cornett requests reconsideration of the denial of the motion for protective order (*see* ECF No. 50)[1] for several reasons. Cornett first argues that "Plaintiffs' withdrawal of the

---

[1] Plaintiff does not contest the Court's denial of the motion to quash, but only the portion of the motion requesting a protective order as to the unilateral notice of deposition of defendant (*see* ECF No. 50).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Motion to Reconsider the Denial of Motion for Protective Order
1:20-cv-00008
Page 2

unilaterally noticed deposition of Defendant demonstrates that there was good cause for Defendant's motion seeking a protective order" (ECF No. 59 at 1). Cornett then argues that this Court committed clear error when it found the motion for a protective order moot after Plaintiffs withdrew their unilateral notice of deposition and the Court decided the motion for a protective order before defendant replied to Plaintiffs' opposition to the motion for a protective order. *Id*. at 1-2. Cornett also argues that the deposition date of February 26, 2021 was too soon considering the posture of this case. *Id*. at 2. In addition, Cornett alleges that the Insurers are requesting discovery, but, simultaneously, refusing to participate in discovery by not answering discovery requests. *Id*. Cornett asserts that he was deposed on April 14, 2015 and that Plaintiffs' counsel, Carl Beckstedt, already has that deposition. Cornett ends that reconsideration is warranted because this Court "found Defendant's original Motion for Protective Order moot, and then ruled on a Motion to Compel Defendant's deposition by the end of February without allowing Defendant any opportunity to respond to that motion so that important factual issues could have been brought to the Court's attention." *Id*. at 4.

Insurers respond that their withdrawal of the notice of deposition does not constitute good cause for this Court to grant Cornett's motion to quash[2] (ECF No. 64 at 4). Insurers also assert that Cornett's argument about it being too soon to depose him, which he already raised in the motion to quash, is legally inaccurate. *Id*. Insurers further allege

---

[2] Cornett does not seek reconsideration of the denial of the motion to quash, but instead seeks reconsideration of the denial of the protective order. Thus, this argument constitutes an inaccurate portrayal of Cornett's point.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Motion to Reconsider the Denial of Motion for Protective Order
1:20-cv-00008
Page 3

that Cornett mischaracterizes the timeline of their service of discovery responses, which they timely filed. *Id*. at 5. Insurers continue that, although Cornett takes umbrage that they did not disclose underwriters of policies, they do not have to do so because they do not plan on relying on these underwriters to support their claim; under Fed. R. Civ. P. 26(a)(1)(A)(i), insurers do not have to disclose these underwriters because they do not plan on using them to support their claims or defenses. Insurers assert that following the Court's order finding the motion to quash and for a protective order moot, Cornett raised for the first time that he should not be deposed because he had already been deposed in the underlying employment lawsuit; this argument raised for the first time could have been raised in its initial motion to quash and for a protective order, which Cornett failed to do and is, thus, improper to entertain in a motion to reconsider. *Id*. at 6. Insurers end that they were not parties in the employment lawsuit and that the issues in that case are different from the declaratory judgment case here. *Id*. at 6-8.

      Cornett replies that although Insurers respond that Cornett should have raised the argument that he had been deposed in the employment litigation when Insurers noticed the deposition (ECF No. 68 at 2). But insurers have directed Plaintiffs' counsel, Carl Beckstedt, to oppose Cornett's motion to amend the complaint in the employment litigation. *Id*. In addition, Cornett asserts that Insurers should have known that he was deposed in the employment litigation, and Cornett "assumed they wanted to depose him on other matters until he received the Plaintiff's opposition to his Motion for Protective Order." *Id*. at 3. Cornett continues that Insurers "fail to cite to a single issue, or fact, that it

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Motion to Reconsider the Denial of Motion for Protective Order
1:20-cv-00008
Page 4

does not have information about from" the deposition conducted in the employment lawsuit. *Id*. Cornett then cites authority that courts tend to deny repetition of depositions on a similar subject. *Id*. at 4. Cornett further asserts that "the issues in the deposition in the [employment] lawsuit are the same as the issues in the Declaratory Judgment Action." *Id*. Cornett ends that "it has established clear error in moving to reconsider," and that Insurers cannot depose a single person while at the same time demanding an expedited deposition of" him. *Id*. at 5.

Under Local Rule of Civil Procedure 7.3, a party must move for reconsideration "based on: 1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi. 7.3.

Under Fed. R. Civ. P. 26(b)(1), a party may obtain discovery as to "any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

As a preliminary matter, Cornett's assertion that this Court committed clear error by deciding that the motion for a protective order was moot after Insurers withdrew their notice of deposition has no legal basis. Still, the Court recognizes that since all factual discovery, including written discovery and fact witness deposition, are due before or by April 30, 2021 under the current scheduling order (ECF No. 32 at 2), so parties shall have until the end of March to complete the deposition of Cornett. Additionally, parties shall have more time to meet and confer until late February.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Motion to Reconsider the Denial of Motion for Protective Order
1:20-cv-00008
Page 5

At the crux of this dispute, though, is whether a deposition of Cornett is warranted in this declaratory judgment litigation when a deposition had been taken in 2015 in the employment litigation. The Court finds merit with Insurers' argument that they were not parties in the employment litigation and that the issues in that case are not the same as in this insurance coverage dispute. Rule 26(b)(1) allows depositions that are relevant to a party's claims or defenses, and this Court cannot fathom how a deposition of Cornett in this declaratory judgment dispute would not be relevant to the insurers claims or defenses. In essence, a finding of relevancy is a low threshold which easily passes muster here. With this finding in mind, " 'it [would be] very unusual for [this] court to prohibit taking of a deposition altogether and absent extraordinary circumstances….'" *See, e.g., In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429, 437 (E.D. Pa. 1981) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 651(5th Cir. 1979)).

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant Fernando Cornett's Motion to Reconsider Denial of Motion for Protective Order (ECF No. 59) is **DENIED**.

2. Parties shall meet and confer before or by **Wednesday, February 24, 2021** to schedule the deposition of Defendant Fernando Cornett.

3. Parties shall complete the deposition of Defendant Fernando Cornett before or by **Wednesday, March 31, 2021**.

4. If parties are unable to agree to schedule the deposition by **Wednesday, February 24, 2021**, the Court will set a date for the deposition to be taken.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Motion to Reconsider the Denial of Motion for Protective Order
1:20-cv-00008
Page 6

                                  ENTER:

Dated: February 8, 2021                   /s/ George W. Cannon, Jr.
                                                 GEORGE W. CANNON, JR.
                                                 U.S. MAGISTRATE JUDGE