**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ILLINOIS NATIONAL INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **FERNANDO CORNETT,** <br><br> **Defendant.** | 1:20-cv-00008 |

**TO:**  Lee J. Rohn, Esq.
        Carol Ann Rich, Esq.
        Gregory A. Gidus, Esq.
        Heidi Hudson Raschke, Esq.

**ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL PLAINTIFFS TO SUPPLEMENT RULE 26 DISCLOSURES**

THIS MATTER is before the Court upon Defendant Fernando Cornett's Motion to Compel Plaintiffs to Supplement Rule 26 Disclosures (ECF No. 61), Plaintiffs' opposition thereto (ECF No. 72), and Defendant's Reply (ECF No. 77).

As a threshold matter, Local Rule 37.1 requires that "[p]rior to filing any motion relating to discovery pursuant to Federal Rules of Civil Procedure 26-37…counsel for the parties shall confer in good faith effort to eliminate the necessity for the motion or to eliminate as many of the disputes as possible." LRCi 37.1. The moving party must also serve a letter requesting a conference and the letter "shall identity each issue and/or discovery

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Without Prejudice Motion to Compel Plaintiffs to Supplement Rule 26 Disclosures
1:20-cv-00008
Page 2

request in dispute, state briefing with respect to each the moving party's position (and provide any legal authority), and specify the terms of the discovery order to be sought." *Id.*

Local Rule 37.2(a) further requires that "[i]f counsel are unable to resolve all of their differences, they shall formulate and sign a written stipulation to that effect, expressly certifying their compliance with LRCi 37.1. The stipulation shall include the moving party's letter requesting a pre-filing conference of counsel and shall be filed and served with the motion." LRCi 37.2(a). Local Rule 37.2(c) mandates that this "Court will not consider any discovery motion in the absence of (1) the signed stipulation and certification required by LRCi 37.2(a), or (2) a declaration from counsel for the moving party establishing that opposing counsel:

(1) failed to confer in a timely manner after receipt of a letter requesting a conference under LRCi 37.1; or

(2) refused to sign the stipulation and certification required by LRCi 37.2(a)."

LRCi 37.2(a)-(c)(1)-(2).

Defendant, here, states that he attempted to meet and confer with Plaintiffs over telephone to discuss deficient Rule 26 disclosures (ECF No. 77 at 2), but a telephone call before filing a motion to compel does not comply with Local Rules 37.1 and 37.2. Accordingly, the Court cannot entertain this discovery motion.

WHEREFORE, it is now hereby **ORDERED**:

Defendant Fernando Cornett's Motion to Compel Plaintiffs to Supplement Rule 26 Disclosures (ECF No. 61) is **DENIED WITHOUT PREJUDICE**.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Order Denying Without Prejudice Motion to Compel Plaintiffs to Supplement Rule 26 Disclosures
1:20-cv-00008
Page 2

                                                ENTER:

Dated: February 23, 2021                      /s/ George W. Cannon, Jr.
                                                GEORGE W. CANNON, JR.
                                                U.S. MAGISTRATE JUDGE