| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

ILLINOIS NATIONAL INSURANCE
COMPANY and NATIONAL UNION
FIRE INSURANCE COMPANY OF
PITTSBURG, PA,

               **Plaintiffs,**

   v.

FERNANDO CORNETT,

               **Defendant.**

_____

       **1:20-cv-00008**

TO:   Lee J. Rohn, Esq.
       Carol Rich, Esq.
       Gregory A. Gidus, Esq.
       Heidi Hudson Raschke, Esq.
       Malorie Winnie Diaz, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant Fernando Cornett's Motion to Compel Plaintiff Illinois National to Supplement its Responses to Demand for Production of Documents (ECF No. 84), Illinois National Insurance Company's Opposition, and Cornett's Reply.

Cornett seeks an order directing Illinois National "to supplement its responses to Defendant's Demand for Production" (ECF No. 84 at 1).

### I. BACKGROUND

In the above-captioned matter, Cornett served his First Demand for Production of Documents upon Illinois National on November 9, 2020 (ECF No. 90-1). Illinois National

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 2

responded to these requests for production, including raising numerous objections (ECF No. 90-3). Cornett found nearly all responses insufficient and informed Illinois National through email correspondence (ECF No. 85-2). Illinois National replied to Cornett's correspondence, standing by its objections (ECF No. 90-5).

In the motion before the Court, Cornett enumerates 13 requests, for which he seeks to compel full and complete responses. The Court will rule on all 13 requests, either overruling or sustaining Illinois National's objections.

## II. DISCUSSION

### A. Applicable Standards

Federal Rules of Civil Procedure Rule 34 governs the production of documents. With regard to responses to requests, the rule provides, in pertinent part:

> (B) *Responding to Each Item*. For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
> (C) *Objections*. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest....
> (E) *Producing the Documents or Electronically Stored Information*. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> > (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 3

> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and

> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(B), (C), and (E)(i)-(iii). While a party may choose whether to "produce documents as they are kept in the usual course of business *or* … organize and label them to correspond to the categories in the request," *id.* (emphasis added), the rule offers only these two options. *Safeair, Inc. v. AirTran, Inc.*, No. 09-5053 RJB, 2009 WL 4066819, at *2 (W.D. Wash. Nov. 20, 2009) ("The responding party must produce documents in one of the two ways.").

> When choosing the former option, the party

> [b]ears the burden of showing that the documents were in fact produced in that manner. A mere assertion that they were so produced is not sufficient to carry that burden. In addition, merely categorizing the documents produced does not, without some further explanation, satisfy the requirement that they be produced as kept in the usual course of business.

*Seymour, Inc. v. Hubbell, Inc.*, 255 F.R.D. 331, 334 (N.D.N.Y. 2008) (citing *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 618 (D. Kan. 2005)). *See also*, *e.g.*, *Mamakos v. United Airlines, Inc.*, CV 14-7294 (JFB) (AKT), 2018 WL 4861392, at *3 (E.D.N.Y. Sept. 28, 2018) (quoting *Distefano v. Law Offices of Barbara H. Katsos, PC*, No. CV 11-2893 (JS) (AKT), 2013 WL 1339536, at *5 (E.D.N.Y. Mar. 29, 2013)) ("[A] party… 'must do more than merely represent to the court that the party complied with Rule 34(b)(2)(E)(i)'"). The *Mamakos* court further notes that the "explanation" generally

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 4

includes "how its documents are organized in the ordinary course of business and what steps the party took to search and produce the documents." *Mamakos*, 2018 WL 4861392, at *3 (citations omitted).

Moreover, the responding party must produce responsive documents "in the responding party's possession, custody, or control...." Fed. R. Civ. P. 34(a)(1). It is well established that "[f]ederal courts construe 'control' broadly for Rule 34 purposes." *Castellani v. City of Atl. City*, No. 13-5848 (JBS/AMD), 2016 WL 7155826, at *3 (D.N.J. Sept. 15, 2016). A sister court for the Western District of Pennsylvania notes, "[E]ven if a document is not within the responding party's actual possession or custody, courts broadly construe the word "'control.'" *Arconic Inc. v. Novelis Inc*., No. CV 17-1434, 2018 WL 4958976, at *3 (W.D. Pa. Oct. 15, 2018) (citations omitted). In *Perez v. Great Wolf Lodge of the Poconos LLC*, No. 3:12-CV-01322, 2017 WL 34697 (M.D. Pa. Jan. 3, 2017), the court declares:

> 'Control is defined as the legal right to obtain the documents required on demand.' *Gerling Int'l Ins. Co. v. Comm'r*, 839 F.2d 131, 140 (3d Cir. 1988). '[A] party simply cannot claim that it does not physically possess a document as a basis for rejecting the request for production if that party has the legal right to obtain the document.' *Zaloga v. Borough of Moosic*, No. 3:10-CV-2604, 2012 WL 1899665, at *2 (M.D. Pa. May 24, 2012).

*Id*. at *6.

As with all discovery, a party's request may seek "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 5

Although Rule 26 allows a party to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," Fed. R. Civ. P. 26(b)(5), the rule mandates that "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Usually "this description takes the form of a privilege log." *Anderson v. Caldwell County Sheriff's Office*, No. 1:09cv423, 2011 WL 2414140, at *2 (W.D.N.C. Jun. 10, 2011). Moreover, "'[a] party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege.'" *Id.* at *2 (citations omitted).

**B. Requests at Issue**

**1. The Court Overrules Objections Regarding Extrinsic Evidence in Requests 2-3, 5-9, 11-14**

Illinois National objects to these requests on the ground that "Evidence extrinsic to 2006-2007 Policies … is not relevant to the Insurers' claims or any of Cornett's defenses" (ECF No. 90-3 at 5-11).

A federal court in Minnesota encountered a discovery dispute in which defendant requested discovery of extrinsic evidence as to terms and conditions of an insurance policy. *Gulf Ins. Co. v. Skyline Displays, Inc.*, Civil No. 02-CV-

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 6

3503(DSD/SRN), Civil No. 02-CV-3632 (DSD/SRN), 2003 U.S. Dist. LEXIS 26511, *4

(D. Minn. Oct. 20, 2003). The insurance company plaintiff refused to produce the

insurance policy, arguing that it should not produce extrinsic evidence when terms

and conditions of an insurance policy are unambiguous. *Id*. at 4. Nevertheless, the

court found the extrinsic evidence discoverable because of "the broad scope of the

rules of discovery." *Id*. at 4-5.

A federal court in Puerto Rico encountered a contract dispute in which

plaintiff argued that extrinsic evidence is only admissible when terms of a contract

are ambiguous. *Autoridad de Carreteras y Transportacion v. Transcore Alt., Inc*., 319

F.R.D. 422, 427 (D.P.R. 2016). The court reasoned that "[a]s a general

matter…parties are entitled to broad discovery." *Id*. at 427 (citing *Santiago v. Fenton*,

891 F.2d 373, 379 (1st Cir. 1989)) (internal citations omitted). The court continued

that per the "principle of broad discovery, Rule 26 provides that information … need

not be admissible in evidence to be discoverable." *Id*. (citing Fed. R. Civ. P. 26(b)(1)).

The court ended that although extrinsic evidence may prove inadmissible at trial,

objecting to discovery on this ground constituted an inappropriate objection. *Id*.

In line with federal courts in Minnesota and Puerto Rico, this Court finds

extrinsic evidence discoverable because Rule 26 allows for broad discovery.

Moreover, at this juncture, the admissibility of extrinsic evidence at trial should not

preclude discovery of the insurance-related information requested by Cornett.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 7

Accordingly, the Court overrules Illinois National's objections based on extrinsic

evidence.

### 2. The Court Overrules Objections Regarding Relevance in Requests 2-9, 11-14

Illinois National objects to these requests on the ground that "this Demand …

seeks information that is not relevant to any party's claims or defenses, because the

information sought is not proportional to the needs of the case[.]" (ECF No. 90-3 at

5-11).[1] Illinois National objects to these requests based on relevancy because "[t]his

is a declaratory judgment action in which the Insurers seek declarations that there

is no insurance coverage available to the insured, Hovensa, for the Employment

Lawsuit under the 2006-2007 policies." *Id.*

Even if with an objection based on relevancy, a party must explain the reason

for the objection. Fed. R. Civ. P. 34(b)(2)(B) (stating that the response must "state

with specificity the grounds for objecting to the request, including the reasons"). As

the Advisory Committee explains, "The specificity of the objection ties to the new

provision in Rule 34(b)(2)(C) directing that an objection must state whether any

responsive materials are being withheld on the basis of that objection." Fed. R. Civ.

---

[1] As to requests 2-3, Illinois National also objects "to the extent that [the Demand] seeks confidential and proprietary business information" (ECF No. 90-3 at 5-6).

As to request 4, Illinois National also objects "because the Demand is overbroad in scope and in that it seeks information regarding "all" insurance policies issued to Hovensa, regardless of the type of coverage" (ECF No. 90-3 at 6). The Court will address request 4 as to this objection *infra.*

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 8

P. 34(b)(2)(B) advisory committee's note to 2015 amendment. The amended

provisions make clear that boilerplate objections, that is, objections "that merely

state the legal grounds for objection without specifying how the discovery request is

deficient," *Michigan Auto. Ins. Placement Facility v. New Grace Rehabilitation Ctr.*,

PPC, No. 4:17-CV-11007-TGB-DRG, 2109 WL 355654, at *2 (E.D. Mich. Jan. 29,

2019), if they were,[2] are no longer allowed. *Id.* ("Rule 34(b)(2)(B) of the Federal

Rules of Civil Procedure plainly disallows boilerplate objections to discovery

requests and requires parties to 'state with *specificity* the grounds for objecting to

the request, including the reasons.' (emphasis added)). The Rule further provides

that any objection to a discovery request must "'state whether any responsive

materials are being withheld on the basis of that objection.'" Fed. R. Civ. P.

34(b)(2)(C). *See*, *also*, *e.g.*, *Happy Place, Inc. v. Hofesh, LLC*, No. 2:18-cv-6915-ODW

(SKx), 2019 WL 4221400, at *1 (C.D. Cal. May 17, 2019) ("Boilerplate and general

objections...are no longer allowed." (citing Fed. R. Civ. P. 34(b)(2)(B)-(C)));

*Mamakos*, 2018 WL 4861392, at *4 (stating that where the court observes "[s]uch

boilerplate objections[, they are] no longer viable as a result of the 2015

Amendments to the Federal Rules of Civil Procedure").

      Although Illinois National argues that the requests lack relevancy because of

the declaratory judgment action, the Court finds that this reason for the objections

---

[2] Long before the 2015 amendments to Rule 34, courts had "[w]ildly rejected...[b]oilerplate objections in response to a Rule 34 request for production of documents...." *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528-29 (S.D.W. Va. 2007) (collecting cases).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 9

does not warrant the specificity required under Rule 34(b)(2)(B). The Court agrees

that whether coverage exists under the policies at issue may prove fact intensive

(*see* ECF No. 19 at 2), but the parties will not discover the factual basis of coverage

unless Illinois National propounds the documents requested.

As well as lacking specificity, the Court finds Illinois National's relevancy

objections boilerplate, which are "no longer viable" after "the 2015 Amendments to

the Federal Rules of Civil Procedure." *See Mamakos*, 2018 WL 4861392, at *4. Also,

the relevancy objections to the requests do not "state whether any responsive

materials are being withheld on the basis of th[ose] objection[s]." *See* Fed. R. Civ. P.

34(b)(2)(C). This failure to state whether Illinois National did not propound

responsive materials based on relevancy objections constitutes a clear violation of

Rule 34(b)(2)(C).

Moreover, the Court concurs with other courts who have found that relying

on boilerplate objections may result in waiver of objections. *See*, *e.g.*, *Kinetic*

*Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 247 (M.D.N.C. 2010) (citing *Mancia v.*

*Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008)) (stating that "[b]y

failing to present valid objections to these discovery requests, Plaintiffs 'waived any

legitimate objection [they] may have had.'"); *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D.

Md. 2005) (deciding before the 2015 amendments to Rule 34 and finding that

"[i]mplicit within Rule 34 is the requirement that objections to document

production requests must be stated with particularity in a timely answer, and that a

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 10

failure to do so may constitute a waiver of grounds not properly raised, including

privilege or work product immunity, unless the court excuses this failure for good

cause shown"); *First Sav. Bank, F.S.B. v. First Bank Sys., Inc*., 902 F. Supp. 1356, 1360

(D. Kan. 1995) ("When a producing party fails to make a timely objection, a court

may find that the party has waived any objections to a document request under Rule

34." (citations omitted)); *Marx v. Kelly, Hart & Hallman, P.C*., 929 F.2d 8, 12 (1st Cir.

1991) ("If the responding party fails to make a timely objection, or fails to state the

reason for an objection, he may be held to have waived any or all of his objections.").

Accordingly, the Court overrules Illinois National's objections based on

relevance.

**3. The Court Overrules Objections Regarding Attorney-Client Privilege,**

**Common Interest Privilege and/or Work Product Doctrine in Requests 2-3, 8-**

**9, 12-14**

Illinois National objects to these requests on the ground that they "seek[]

documents protected by the attorney-client privilege, common interest privilege, and/or

work product doctrine" (ECF No. 90-3 at 5-6, 8-11). Illinois National does not state the

reasons that these requests deserve protection under the attorney-client privilege,

common interest privilege, and work production doctrine.

A federal court in the Northern District of Texas has explained the standard

regarding work-product production under Federal Rules of Civil Procedure Rule 26(b)(5)

which this Court finds instructive:

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 11

> The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial….*A general allegation of work product protection is insufficient to meet this burden*….Instead 'a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection.'…The proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable to court to determine whether the documents constitute work product….Although a privilege log and an in camera review of documents may assist the court in conducting its analysis, a party asserting the work product exemption still must provide 'a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure.'

*Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *2 (N.D. Tex. Feb. 27, 2014) (emphasis added). *See*, *also*, *e.g.*, *Coldwell Banker Real Estate Corp. v. Danette O'Neal*, Civ. A. 06-2515, 2016 WL 3845011, at *1 (E.D. La. Dec. 29, 2006) (stating that "parties resisting discovery by asserting any privilege bear the burden of proof sufficient to substantiate their privilege claims and cannot rely merely on a blanket assertion of privilege.").

Although "courts have been more circumspect in finding a waiver of privilege objection," *First Sav. Bank., F.S.B.*, 902 F. Supp. at 1361, courts have held that, as with boilerplate objections, "[t]o avoid possible waiver, [assertions of privilege] must contain the additional information identified in [Rule 26(b)(5)]." *Hall*, 231 F.R.D. at 474.

Here, although Illinois National provides a privilege log (*see* ECF No. 90-4), it does not provide "'a detailed description of the materials in dispute and state the specific and precise reasons for [its] claim of protection from disclosure'" in its responses. *See*

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 12

*Orchestrate HR, Inc.*, 2014 WL 884742, at *2. Its failure to state a reason for claiming

protection from disclosure constitutes a clear violation of Rule 26(b)(5).

Accordingly, the Court overrules Illinois National's objections based on attorney-

client privilege, common interest privilege, and work production doctrine.

### 4. Objections Regarding Vagueness in Requests 6, 10-11

Illinois National lodges objections related to vagueness as to these requests. As to

request 6, Illinois National objects that "this Demand [is] impermissibly vague as to what is

meant by policies that 'are similar as to insuring employment claims.'" (ECF No. 90-3 at 7).

As to request 10, Illinois National objects that "this Demand [is] impermissibly vague as to

what is meant by the 'adjuster or adjusting firm's file.' To the extent that Cornett seeks

Illinois National's claim file relating to the Employment Lawsuit, Illinois National refers

Cornett to its response to Demand No. 8" (ECF No. 90-3 at 9). As to request 11, Illinois

National objects that "this Demand [is] impermissibly vague as to what is meant by

'investigations' concerning Cornett's claims and what is meant by 'as to how to find

coverage of those claims.'" (ECF No. 90-3 at 10).

First, as to request 6, Cornett demands production of "a copy of the underwriting file

for the subject policy and any previous or subsequent policies that were similar to insuring

employment claims from 2001 to the present" (ECF No. 90-1 at 7). The Court reads this

request as demanding the underwriting file for the 2006-2007 employment insurance

policy at issue that was like the employment policies held by HOVENSA from 2001 to the

present. Although the Court admits that this request could have been written more clearly,

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 13

it cannot find that it is "impermissibly vague" (*see* ECF No. 90-3 at 7). Accordingly, the

Court overrules the objection to this request as vague.

Second, as to request 10, Cornett demands production of "a copy of the adjuster or

adjusting firm's file concerning Cornett's claims in the underlying matter" (ECF No. 90-1 at

9). As to request 8, Cornett demands production of "copes [sic] of all adjusting, processing

and claims-handling files and any denial of coverage or reservation of rights files kept by

you concerning Cornett's claims in the underlying matter." *Id*. at 8. Although Cornett did

not spell out the adjuster or adjusting firm handling the file, the Court does not find this

wording vague. Presumably, Illinois National would know the adjuster or adjusting firm

handling the file regarding insurance claims in this matter. Thus, this wording is not

"impermissibly vague" (ECF No. 90-3 at 9). Nevertheless, the Court finds that request 8

constitutes a specific request that would encompass the documents requested in request

10. Thus, Illinois National does not have to respond to request 10. Accordingly, the Court

sustains Illinois National's objection that request 8 responds to request 10.

Third, as to request 11, Cornett demands production of "copies of all documents and

communications evidencing or concerning any investigations conducted by you or anyone

on your behalf concerning Cornett's claims in the underlying matter or as to how to find

coverage of those claims" (ECF No. 90-1 at 9). The Court finds that Illinois National would

know what investigations had been conducted concerning Cornett's claims. And the Court

also finds that Illinois National would know how to find the insurance coverage related to

the claims that were part of those investigations. Thus, the Court does not find this request

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 14

"impermissibly vague," (see ECF No. 90-3 at 10), whatsoever. Accordingly, the Court

overrules Illinois National's objection that this request is vague.

### 5. Objections Related to Overbroad in Scope in Requests 4,6-7

Illinois National raises objections that these requests are overbroad in scope. As to

request 4, Illinois National objects that this "Demand is overbroad in scope in that it seeks

information regarding 'all' insurance policies issued to Hovensa, regardless of the type of

coverage" (ECF No. 90-3 at 6). As to request 6, Illinois National objects that "this Demand

[is] overbroad in scope to the extent that it seeks the underwriting file for policies that are

not at issue in the lawsuit" (ECF No. 90-3 at 7). As to request 7, Illinois National objects that

"this Demand [is] overbroad in scope to the extent that it seeks the underwriting

guidelines, manuals and instructions related to policies and time periods that are not at

issue in this lawsuit" (ECF No. 90-3 at 8).

First, as to request 4, Cornetts demands that Illinois National "produce copies of all

employment practices liability policies you issued to HOVENSA, LLC from 2001 to 2011,

including all attachments, endorsements and amendments" (ECF No. 90-1 at 7). Since the

underlying lawsuit pertains to 2006-2007 insurance policies, the Court finds this request

overbroad in scope. Thus, Illinois National does not have to respond to request 4.

Accordingly, the Court sustains Illinois National's objection.

Second, as to request 6, Cornett demands production of "a copy of the underwriting

file for the subject policy and any previous or subsequent policies that were similar to the

insuring employment claims from 2001 to the present." *Id*. at 7. Since the underlying

lawsuit pertains to 2006-2007 insurance policies, the Court finds this request overbroad in scope. Thus, Illinois National does not have to respond to request 6.

Accordingly, the Court sustains Illinois National's objection.

Third, as to request 7, Cornett demands production of "copies of all your guidelines, manuals and instructions concerning the underwriting of employment insurance policies for your clients that were in effect from 2001 to 2011." *Id*. at 8. Since the underlying lawsuit pertains to 2006-2007 insurance policies, the Court finds this request overbroad in scope. Thus, Illinois National does not have to respond to request 7.

Accordingly, the Court sustains Illinois National's objection.

**6. Cornett Cites the Past Language of Rule 26 in its Motion to Compel, but this Error does not Save Illinois National**

Illinois National states that it points out in a letter to Cornett that his "arguments relied on a past version of Federal Rule [sic] of Civil Procedure 26(b)(1) that [is] no longer operative" (ECF Nos. 90 at 4, 90-5 at 2). Illinois National is correct that Cornett cites to the now amended version of Rule 26(b)(1) which read, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" (*see* ECF No 84 at 3-7).

The Court takes a moment to admonish Cornett of the 2015 Amendments to the Federal Rules of Civil Procedure Rule 26. As counsel for Cornett should be aware, the "reasonably calculated to lead to the discovery of admissible evidence" language is no longer the standard for relevancy. Federal Rules of Civil Procedure Rule 26(b)(1) was

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 16

amended in 2015. The provision now reads, in pertinent part: "Unless otherwise limited by court order, the scope of discover is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). Even with the amended language, "[r]elevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Green v. Cosby*, 314 F.R.D. 164, 171 (E.D. Pa. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Despite Cornett's failure to cite to the correct version of Rule 26, this deficiency does not save Illinois National's objections based on relevancy because, as mentioned above, it failed to state its relevancy objections with specificity.

### 7. Under Rule 34(b)(2)(E)(i), Illinois National Must Organize and Label Documents to Correspond to the Categories in the Requests

At this juncture, the Court notes that nowhere in its responses to Cornett's requests does Illinois National state that any documents produced are produced "as they are kept in the usual course of business" (*see generally* ECF No. 90-3). Thus, the Court finds that Illinois National has chosen the second option offered in Rule 34(b)(2)(E)(i), namely, to produce documents "organize[d] and label[ed]...to correspond to the categories in the request." *Id.*; *Safeair, Inc.*, 2009 WL 4066819, at *2 (stating that "AirTran does not contend that the documents it produced [previously] are organized as they are kept in the usual course of business, nor does AirTran contend that the documents are organized and labeled to

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 17

correspond with categories in the request as is required by Fed. R. Civ. P. 34(b)(2)(E)(i).

The responding party must produce documents in one of the two ways.").

> Yet in a letter to counsel for Cornett, counsel for Illinois National writes,
>
> With respect to these demands for production, you request that National Union 'please produce the documents and refence [sic] Bates Numbers." Please be advised that on December 18, 2020, along with service of its responses to Cornett's demands for production, *National Union produced the non-privileged documents contained within its claims file pertaining to the underlying lawsuit as such documents were kept in the usual course of business*. The National Union claim file is bates labeled AIG/CORNETT000563-000733, was produced via Box, and a link to the Box site was included in National Union's service email.

(ECF No. 90-5 at 5 (emphasis added)). Nevertheless, the producing party "[b]ears the burden of showing that the documents in fact were produced in" the ordinary course of business. *Seymour*, 255 F.R.D. at 334 (citing *Cardenas*, 230 F.R.D. at 618). In reading the portion of this letter, the Court finds that Illinois National failed to meet its burden to show that the documents produced were done so in the ordinary course of business.[3]

In addition, Illinois National states that numerous documents have been previously produced (*see generally* ECF No. 90-3). Like other courts who have confronted circumstances where documents had been "previously produced," the Court will "further order [Illinois National] to identify by bates stamp number which documents are responsive to which requests." *Johnson v. Kraft Foods N. Am. Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006). *See also*, *e.g.*, *Safeair, Inc.*, 2009 WL 4066819, at *2 ("AirTran should identify

---

[3] The Court also finds that Illinois National also organized and labeled documents, also choosing the latter option. Thus, presumably, Illinois National failed to choose one of two ways to produce documents.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 18

previously produced documents by Bates number in response to each and all of Safeair's

RFPs in its second discovery request"); *Cardenas, Inc.*, 230 F.R.D. at 618-19 (stating that

"[s]ince the documents have already been provided to Plaintiffs, the easiest way for DJG to

comply with the 'organize and label' requirement would be for DJG to identify, by Bates

Numbers the DJG lawyers have already stamped on the documents, which documents are

responsive to each of the document requests, as Plaintiffs have requested.").

To emphasize the fact that the Court expects Defendant to provide ***all*** documents

that are responsive to the requests, the Court will order Illinois National to include any and

all responsive documents not only in its possession, but also within its care, custody, and

control, Fed. R. Civ. P. 34(a)(1), whether or not the documents have been previously

produced. *Sierra Equity Group v. White Oak Equity Partner, LLC*, No. 08-80017-CIV, 2010

WL 2400080, at *1 (S.D. Fla. Jun. 16, 2010) (stating that "[d]efendant is hereby put on

notice that he is required to produce all documents not only in his possession, but all

documents in his care, custody or control." (citations omitted)); *Payless Shoesource*

*Worldwide, Inc. v. Target Corp.*, Civil Action No. 05-4023-JAR, 2008 WL 973118, at *5 (D.

Kan. Apr. 8, 2008) (delineating that the court "was *not* limiting the nature of defendants'

search for, or production of, responsive documents" (emphasis in original)).

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant Fernando Cornett's Motion to Compel Plaintiff Illinois National to

Supplement its Responses to Demand for Production of Documents (ECF No. 84) is

**GRANTED IN PART AND DENIED IN PART**.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 19

2. On or before **April 30, 2020**, Plaintiff Illinois National Insurance Company shall serve amended, full and complete responses to Defendant Fernando Cornett's First Demand for Production of Documents to Plaintiff Illinois National Insurance Company, requests numbered 2-3, inclusive, 5, 8-9, inclusive, and 11-14, inclusive, with the exception of 4, 6-7, inclusive, and 10, for which Illinois National does not have to respond. In addition, Illinois National shall identify and organize any and all responsive documents in its possession, custody, or control, by Bates stamp number, to correspond to each request.

3. Any general objections such as relevance that Illinois National has, may have, or may have had with respect to these requests are deemed **WAIVED**.

4. Any objections that Illinois National  has, may have, or may have had based upon privilege or other protections, under Fed. R. Civ. P. 26(b)(5), with respect to these requests, are deemed **WAIVED**.

ENTER:

Dated: April 12, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE