**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ILLINOIS NATIONAL INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **FERNANDO CORNETT,** <br><br> **Defendant.** <br> _____ | 1:20-cv-00008 |

TO: Lee J. Rohn, Esq.
    Carol Rich, Esq.
    Gregory A. Gidus, Esq.
    Heidi Hudson Raschke, Esq.
    Malorie Winnie Diaz, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant Fernando Cornett's Motion to Compel Plaintiff Illinois National to Supplement Responses to Interrogatories (ECF No. 85), Plaintiff Illinois National Insurance Company's Opposition (ECF No. 89), and Cornett's Reply (ECF No. 97).[1]

Cornett seeks an order directing Illinois National "to supplement its responses to Defendant's Interrogatories" (ECF No. 85 at 1).

---

[1] Cornett files a consolidated reply as to two oppositions on motions to compel supplemental responses to demand for production of documents and interrogatories (ECF No. 97).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 2

## I. BACKGROUND

In the above-captioned matter, Cornett served his First Set of Interrogatories to Plaintiff Illinois National Insurance Company on November 9, 2020 (ECF No. 89-1). Illinois National responded to these interrogatories, including raising numerous objections (ECF No. 89-3). Cornett found nearly all answers insufficient and informed Illinois National through email correspondence (ECF No. 85-2). Illinois National replied to Cornett's correspondence, standing by nearly all its objections (ECF No. 89-4). Yet Illinois National filed amended objections and responses to Interrogatories No. 2 and 11 (ECF No. 89-5).

In the motion before the Court, Cornett enumerates 11 interrogatories, for which he seeks to compel full and complete responses. The Court will rule on all 11 interrogatories, either overruling or sustaining Illinois National's objections.

## II. DISCUSSION

### A. Applicable Standards

It is well established that "an answer to an interrogatory 'must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories….'" *Scaife v. Boenne*, 191 F.R.D. 590, 594 (N.D. Ind. 2000) (citations omitted). *See also Anderson v. Caldwell County Sheriff's Office*, No. 1:09cv423, 2011 WL 2414140, at *4 (W.D.N.C. Jun. 10, 2011) (collecting cases).

Courts have interpreted the requirement of answering each interrogatory "separately and fully in writing," Fed. R. Civ. P. 33(b)(3), as requiring a narrative response. *See*, *e.g.*, *Goddard Systems, Inc. v. Gondal*, Civil Action No. 17-1003-CJB, 2018 WL 5919742,

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 3

at *1 (D. Del. Nov. 9, 2018); *Developmental Technologies, LLC v. Valmont Industries, Inc.*, Case No. 8:14-cv-2796-T-35JSS, 2016 WL 1271566, at *4 (M.D. Fla. Mar. 31, 2016); *Bolden v. Federal Emergency Management Agency*, Civil Action No. 06-4171, 2008 WL 145098, at *1 (E.D. La. Jan. 14, 2008).

Instead of a narrative response, Rule 33(d) allows a party to respond to an interrogatory by referencing "business records." Yet the rule is limited to "business records" and may be invoked only "if the burden of deriving or ascertaining the answer will be substantially the same for either party...." Fed. R. Civ. P. 33(d). Further, such a response must *specify* the records "*in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could...." Fed. R. Civ. P. 33(d)(1) (emphasis added). *See*, *e.g.*, *Anderson*, 2011 WL 2414140, at *4 ("Each response should be complete within itself. To the extent that a specific document provides the information requested by Defendant, the Court will allow Plaintiff to reference in the response the specific document that contains the information requested. Rather, Plaintiff may not reference general documents or a specific category of documents. Plaintiff must identi[f]y *the specific document* by Bates label that contains the information requested." (emphasis added)).

Rule 33 contemplates objections to interrogatories. According to the rule, a party objecting must state the grounds for each objection "with *specificity*. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4) (emphasis added).

Further, the Federal Rules of Civil Procedure allow a party to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material." Fed. R. Civ. P. 26(b)(5)(A). However, the rule requests that when doing so, "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)–(ii). As noted by the court in *Anderson v. Caldwell City Sheriff's Office*, "[t]ypically, this description takes the form of a privilege log…. 'A party simply cannot claim privilege and refuse to provide a privilege log; indeed, some courts have found that doing so results in waiver of the privilege.'" *Anderson*, 2011 WL 2414140, at *2 (citations omitted).

### B. Interrogatories at issue

#### 1. The court overrules Illinois National's relevancy objections in Interrogatories No. 2, 5, 6, 8, 11, 13, 14, 15, and 19

Illinois National objects to these interrogatories on the ground that they are "not relevant to any party's claims or defenses…because the information sought is not proportional to the needs of the case." (ECF No. 89-3 at 6, 9-10, 12, 15, 17-19, 23). Illinois National bases its relevancy objections on that "[t]his is a declaratory judgment action in which [Insurers] seek declarations that there is no insurance coverage brought against Hovensa by Cornett…." *Id*. at 6, 9-10, 12, 15, 17-19, 23.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 5

"General objections stating that the interrogatory is…irrelevant are not sufficient—the objecting party must show specifically *how* the interrogatory is objectionable." *Angulo v. Tarapchak*, Civil Action No. 3:18-CV-736, 2018 WL 4096294, at *1 (M.D. Pa. Aug. 28, 2018) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (emphasis added)). "Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Green v. Cosby*, 314 F.R.D. 164, 171 (E.D. Pa. 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Illinois National lodges general relevancy objections to these interrogatories and does not specify how these interrogatories are irrelevant. Illinois National does follow these relevancy objections with that it brings a declaratory action to show absence of insurance coverage, but this fact alone does not meet the specificity required to object on relevancy.

Accordingly, the Court overrules relevancy objections as to these interrogatories.

### 2. The Court overrules Illinois National's extrinsic evidence objections in Interrogatories No. 2, 6, 11, 13, 14, 15, and 19

Illinois National objects to these interrogatories on the ground that they elicit extrinsic evidence to 2006-2007 insurance policies (ECF No. 89-3 at 6, 10, 15, 17-19, 23). As will be explained, persuasive authority shows that objecting on the ground that interrogatories elicit extrinsic evidence is improper.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 6

A federal court in Puerto Rico encountered a contract dispute in which plaintiff argued that extrinsic evidence is only admissible when terms of a contract are ambiguous. *Autoridad de Carreteras y Transportacion v. Transcore Alt., Inc.*, 319 F.R.D. 422, 427 (D.P.R. 2016). The court reasoned that "[a]s a general matter…parties are entitled to broad discovery." *Id*. at 427 (citing *Santiago v. Fenton*, 891 F.2d 373, 379 (1st Cir. 1989)) (internal citations omitted). The court continued that per the "principle of broad discovery, Rule 26 provides that information … need not be admissible in evidence to be discoverable." *Id*. (citing Fed. R. Civ. P. 26(b)(1)) (internal quotation marks omitted). The court ended that although extrinsic evidence may prove inadmissible at trial, objecting to discovery on this ground constituted an inappropriate objection. *Id*.

In line with federal courts in Minnesota and Puerto Rico, this Court finds extrinsic evidence discoverable because Rule 26 allows for broad discovery. Moreover, at this juncture, the admissibility of extrinsic evidence at trial should not preclude discovery of the insurance-related information requested by Cornett. Accordingly, the Court overrules Illinois National's objections to these interrogatories based on extrinsic evidence.

### 3. The Court overrules Illinois National's attorney-client privilege, common interest privilege, and work doctrine objections in Interrogatories No. 8, 11, 12, 13, 14, and 15

Illinois National objects to these interrogatories on the ground that they "seek information protected by the attorney-client privilege, common interest privilege, and/or work production doctrine" (ECF No. 89-3 at 12, 15-19).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 7

To begin, Illinois National's objection based on privilege is insufficient. A federal court in the Northern District of Texas provides an explanation of the standard for work-product protection of Federal Rule of Civil Procedure Rule 26(b)(3) that is instructive:

> The burden is on the party who seeks work product protection to show that the materials at issue were prepared by its representative in anticipation of litigation or for trial…. *A general allegation of work product protection is insufficient to meet this burden*…. Instead, 'a clear showing must be made which sets forth the items or categories objected to and the reasons for that objection.' … The proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the documents constitute work product…. Although a privilege log and an in camera review of documents may assist the court in conducting its analysis, a party asserting the work product exemption still must provide 'a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure.'

*Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *2 (N.D. Tex. Feb. 27, 2014) (citations omitted and emphasis added).

Illinois National, here, has neither provided detailed affidavits nor even a privilege log identifying or describing any such alleged protected information.[2]

Accordingly, the Court overrules Illinois National's objections to these interrogatories based on attorney-client privilege, common interest privilege, and work doctrine.

---

[2] Illinois National did not provide a privilege log in this Opposition, but it did its Opposition to Cornett's Motion to Compel Request for Production of Documents (*see* ECF No. 90-4). Even if Illinois National provided a privilege log in opposition to this Motion, this inclusion would not save Illinois National's objections based on privilege because it failed to "provide 'a detailed description of the materials in dispute and state specific and precise reasons for [its] claim of protection from disclosure.'" *See Orchestrate HR, Inc.*, 2014 WL 884742, at *2 (citations omitted).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 8

### 4. The Court sustains Illinois National's objections regarding overbroad in scope in Interrogatories No. 5 and 19

Illinois National raises objections that these interrogatories are overbroad in scope. As to Interrogatory No. 5, Illinois National objects that "this Interrogatory…is overbroad in scope in that it seeks information regarding 'all' insurance policies issued to Hovensa, regardless of the type of coverage" (ECF No. 89-3 at 9). As to request No. 19, Illinois National objects that "this interrogatory [is] overbroad in scope to the extent that it seeks information regarding lawsuits over a 20-year period." *Id.* at 23.

First, as to Interrogatory No. 5, Cornett demands that Illinois National "identify all insurance policies [it] issued to HOVENSA, LLC at any time from 2006 to 2011, provide a brief description of the types of coverage provided under each policy, and identify the coverage period for each policy" (ECF No. 89-1 at 11). Since the underlying lawsuit pertains to 2006-2007 insurance policies, the Court finds this interrogatory overbroad in scope. Thus, Illinois National does not have to answer Interrogatory No. 5.

Accordingly, the Court sustains Illinois National's objection.

Second, as to Interrogatory No. 19, Cornett demands that Illinois National "identify any and all claims, complaints, notices, and lawsuits relating to the denial of claims/insurance coverage, defense or indemnification, in which you were named as a defendant in the United States Virgin Islands, or by HOVENSA, HESS CORPORATION or AMERADA HESS, within the past twenty (20) years…." (ECF No. 89-1 at 25). Since the underlying lawsuit pertains to 2006-2007 insurance policies, the Court finds this

interrogatory overbroad in scope. Thus, Illinois National does not have to answer Interrogatory No. 19 insofar as the interrogatory relates to lawsuits over the past 20 years.

Accordingly, the Court sustains Illinois National's objection.

### 5. The Court overrules Illinois National's objections regarding vagueness in Interrogatories No. 6, 13-14

Illinois National lodges objections related to vagueness as to these interrogatories. As to Interrogatory No. 6, Illinois National objects that it is "impermissibly vague as to what is meant by 'all guarantees, assurances, and representations made regarding the policy'" (ECF No. 89-3 at 10). As to Interrogatory No. 13, Illinois National objects "to this interrogatory as impermissibly vague as to what is meant by 'investigations or inquiries into Claims'" (ECF No. 89-3 at 17). As to Interrogatory 14, Illinois objects that it is "impermissibly vague as to what is meant by 'all efforts, if any, made by you to find coverage under the subject policy rather than deny it'" (ECF No. 89-3 at 18).

First, as to Interrogatory No. 6, Cornett demands that Illinois National "describe the circumstances surrounding the issuance of the subject policy, including but limited to, the broker/agency who was involved, how you came to be the issuer of the policy, the cost of the policy, all guarantees, assurances, and representations made regarding the policy, who at HESS or HOVENVSA negotiated for the policy, [and]…all persons with knowledge and provide all relevant dates" (ECF No. 89-3 at 10). The Court finds that knowledge about guarantees, assurances, and representations made about the policies at issue would be

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 10

discoverable by Illinois National. Also, the Court does not find this portion of the interrogatory vague whatsoever.

      Accordingly, the Court overrules this objection.

      Second, as to Interrogatory No. 13, Cornett demands that Illinois National "state whether [it] or anyone acting on [its] behalf conducted any investigations or inquiries into Cornett's claims against HOVENSA, LLC in the underlying lawsuit, and if so, identify the dates on which any such investigations or inquiries were conducted, identify all persons who participated in each such investigation or inquiry, state the purpose for which [it] conducted each investigation or inquiry, and described the same" (ECF No. 89-1 at 19). Presumably, Illinois National would know about investigations or inquiries about claims—the onus is not on Cornett to specify the investigations or inquiries before the discovery process reveals this information. Thus, the Court does not find this portion of Interrogatory No. 13 vague.

      Accordingly, the Court overrules Illinois National's objection.

      Third, as to Interrogatory No. 14, Cornett demands that Illinois National "describe in detail all efforts, if any, made by you to find coverage under the subject policy rather than to deny it, and identify all individuals who participated in or have knowledge of any such efforts." *Id*. at 20. The Court does not find the inquiry about all efforts made by Illinois National to find coverage under the policies at issue or to deny coverage vague.

      Accordingly, the Court overrules Illinois National's objection.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 11

### 6. The Court overrules objections regarding Rule 33(d) in Interrogatories No. 11 and 12

Illinois National objects on the ground that Rule 33(d) allows it to refer to the documents for these interrogatories (ECF No. 89-3 at 15-16). As to Interrogatory No. 11, Illinois National "refers Cornett to the claim file documents for Claim 371-46336, which Illinois National will produce in response to Cornett's First Demand for Production of Documents to Illinois National." *Id*. at 15. As to Interrogatory No. 12, Illinois National "refers Cornett to Illinois National's July 19, 2007 denial letter to Hovensa (AIG/Cornett-00025—000238) and the complaint in this lawsuit." *Id*. at 16.

As to Interrogatory 11, Cornett demands that Illinois National "provide the name, employer, job title, address, and contact numbers of all persons who were involved in the processing and analysis of Cornett's claims against HOVENSA, LLC, including coverage and defense issues, describe with each person's involvement was and provide all relevant dates" (ECF No. 89-1 at 17).

As to Interrogatory 12, Cornett demands that Illinois National "identify each claim asserted by Cornett in the underlying lawsuit that [it] contend[s] does not constitute a Loss or is excluded from coverage under the Policy, and each such claim, explain why and identify the specific provisions or clauses in the Policy that reference the same" (ECF No. 89-1 at 18).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 12

The Court finds Illinois National's attempt to invoke Rule 33(d) improper because the burden for locating these documents is less for Illinois National than for Cornett. Moreover, Illinois National's responses do not specify the records "*in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could…." Fed. R. Civ. P. 33(d)(1) (emphasis added).

Accordingly, the Court overrules Illinois National's objections.

Further, the Court will order Illinois National to provide full and complete narrative responses to all parts of Interrogatories No. 11 and 12 and attach copies of any documents that support its answers.

### 7. The Court overrules Illinois National's public record objection in Interrogatory No. 19

Illinois National objects to this interrogatory on the ground that its answer is part of the public record. As to Interrogatory No. 19, Illinois National objects "because the information sought is public record and can be obtained just as easily by Cornett as it can by Illinois National" (ECF No. 89-3 at 23).

As to Interrogatory No. 19, Cornett demands that Illinois National "identify any and all claims, complaints, notices, and lawsuits relating to the denial of claims/insurance coverage, defense or indemnification, in which you were named as a defendant in the United States Virgin Islands, or by HOVENSA, HESS CORPORATION or AMERADA HESS, within the past twenty (20) years, and as to each such lawsuit, claim, complaint, and/or

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 13

notice, state the names of the parties, the court and docket number, the nature of the allegations, and the ultimate disposition of the status of the matter" (ECF No. 89-1 at 25).

A federal court in the Southern District of New York has stated that "[i]t is well established in this district that interrogatories are not objectionable merely because they seek information which is a matter of public record." *Anderson v. United Air Lines, Inc.*, 49 F.R.D. 144, 147 (S.D.N.Y. 1969) (citing *Blau v. Lamb*, 20 F.R.D. 411, 415 (S.D.N.Y. 1957)). *See also Alberts v. Wheeling Jesuit Univ.*, Civ. Action No. 5:09-CV-109, 2010 U.S. Dist. LEXIS 42875 (N.D.W.Va. Apr. 19, 2010) (citations omitted) ("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable." (internal quotation marks omitted)).

Since courts have long held that the objection that information elicited from an interrogatory involves a matter of public record constitutes an improper one, this Court also finds this objection improper.

Accordingly, the Court overrules Illinois National's objection.

### 8. Illinois National's amended answers to Interrogatories No. 2 and 11 are still deficient

The next question arises whether the amended answers to Interrogatories No. 2 and 11 moot the Motion as to these two interrogatories. As to Interrogatory No. 2, Illinois

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 14

National amends the answer by providing the following paragraph at the end of the interrogatory:

> Subject to and without waiving the foregoing objections, Illinois National states that the 2006-2007 Illinois National Policy was properly issued and delivered to Hovensa in the state of New York and, pursuant to endorsement 6 in the Policy, provides coverage to Hovensa 'anywhere in the world,' subject to all the Policy's terms and conditions.

(ECF No. 89-5 at 6).

As to Interrogatory No. 11, Illinois National amends the answer by providing the following paragraph at the end of the interrogatory:

> Regarding further, Illinois National states that the following individuals were involved in the adjustment of Hovensa's claim for coverage for the Employment Lawsuit under the 2006-2007 Policies:
>
> - Daniel Mooney
>   Former Analyst at AIG Claims, Inc.
>   Contact information not known.
>
> - David Rettig
>   Former Mainstream Director at AIG Claims, Inc.
>   Contact information not known.
>
> - Jenny Cho
>   Former Analyst, Current Assistant Vice President at AIG Claims, Inc.
>   Can be contacted through counsel for Illinois National.
>
> - Kevin Clinton
>   Former Analyst at AIG Claims, Inc.
>   Contact Information Not Known
>
> - Margaret Porcelli
>   Former Mainstream Director, Current Staff Counsel, at AIG Claims, Inc.
>   Can be contacted through counsel for Illinois National.
>
> - Deborah Hirschhorn

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 15

> Former Analyst, Current Senior Complex Claim Director, at AIG Claims, Inc.
> Can be contacted through counsel for Illinois National.
>
> Pursuant to Federal Rule of Civil Procedure 33(d), Illinois National refers to Cornett to the claim file documents for Claim 371-46336 with respect to each individual's involvement. See AIG/CORNETT-000239-000562.

(ECF No. 89-5 at 15-16).

As to Interrogatory No. 2, Cornett demands that Illinois National "describe with specificity the services that [it] was licensed to provide and the types of business [it] engaged in, in the U.S. Virgin Islands, from 2001 to 2011" (ECF No. 89-1 at 8). As a preliminary matter, since the Court sustained the overbroad in scope objection above, it finds the amended portion as to the 2006-2007 policy years proper. However, the Court does not find that the amended answer describes *specifically* the services Illinois National was licensed to provide and the types of business it engaged in from 2006-2007.

Accordingly, the Court will order Illinois National to provide a full and complete narrative response to all parts of Interrogatory No. 2—with the exception of the years' 2001 to 2011—and attach copies of any and all documents that support its answer.

As to Interrogatory No. 11, Cornett demands that Illinois National "provide the name, employer, job title, address and contact numbers of all persons who were involved in the processing and analysis of Cornett's claims against HOVENSA, LLC, including coverage and defense issues, describe what each person's involvement was and provide all relevant dates" (ECF No. 89-1 at 17). First, even if Illinois National did not know the contact information of former analysts at AIG Claims, Inc., it could have provided the contact

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 16

information of counsel for Illinois National; thus, the Court finds the amended answer deficient on this point. Second, the Court again finds Illinois National's attempt to invoke Rule 33(d) improper because the burden for locating these documents is less for Illinois National than for Cornett. Moreover, Illinois National's responses do not specify the records "*in sufficient detail* to enable the interrogating party to locate and identify them as readily as the responding party could…." Fed. R. Civ. P. 33(d)(1) (emphasis added).

Accordingly, the Court will order Illinois National to provide a full and complete narrative response to all parts of Interrogatory No. 11 and attach copies of any and all documents that support its answer.

### 9. Cornett cites the past language of Rule 26 in its motion, but this error does not save Illinois National's relevancy objections

Illinois National states that Cornett "relies on a prior version of Rule 26(b)(1) in his Motion, contending that he is entitled to discover relevant information 'as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence'" (ECF No. 89 at 6). Illinois National is correct that Cornett cites to the now amended version of Rule 26(b)(1) which read, "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence" (*see* ECF No. 85 at 2-5, 11).

The Court takes a moment to again admonish Cornett of the 2015 Amendments to the Federal Rules of Civil Procedure Rule 26 (*see* ECF No. 98 at 15-16). As counsel should be aware, the "reasonably calculated to lead to the discovery of admissible evidence"

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 17

language is no longer the standard for relevancy. Federal Rules of Civil Procedure Rule 26(b)(1) was amended in 2015. The provision now reads, in pertinent part: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). Even with the amended language, "[r]elevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Green*, 314 F.R.D. at 171 (quoting *Oppenheimer Fund, Inc.*, 437 U.S. at 351).

Despite Cornett's failure to cite to the correct version of Rule 26, this deficiency does not save Illinois National's relevancy objections because, as mentioned above, it failed to state its objections with specificity.

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant Fernando Cornett's Motion to Compel Plaintiff Illinois National to Supplement Responses to Interrogatories (ECF No. 85) is **GRANTED IN PART AND DENIED IN PART**.

2. On or before **Friday, May 7, 2021**, Plaintiff Illinois National Insurance Company shall serve upon Defendant Fernando Cornett full and complete narrative responses to all parts of Cornett's Interrogatories No. 2 (with the exception of the years' 2001 to 2011), 5-6, inclusive, 6, 8, 11-15, inclusive, and 19 and attach copies of any and all documents that support its answers.

3. Plaintiff Illinois National does not have to answer Interrogatory No. 5, as well as Interrogatory No. 19 insofar as the interrogatory relates to lawsuits over the past 20 years.

4. Any general objections such as irrelevant that Illinois National has, may have, or may have had with respect to these interrogatories are deemed **WAIVED**.

5. Any objections that Illinois National has, may have, or may have had based upon privilege or other protections, under Fed. R. Civ. P. 26(b)(5), with respect to these interrogatories, are deemed **WAIVED**.

ENTER:

Dated: April 22, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE