DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA, <br><br> Plaintiffs, <br><br> v. <br><br> FERNANDO CORNETT, <br><br> Defendant. <br> _____ | 1:20-cv-00008 |

TO:   Lee J. Rohn, Esq.
　　　Carol Rich, Esq.
　　　Gregory A. Gidus, Esq.
　　　Heidi Hudson Raschke, Esq.
　　　Malorie Winnie Diaz, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Plaintiff Illinois National Insurance Company's Emergency Motion for Stay of April 12, 2021 Memorandum Opinion and Order (ECF No. 104), Defendant Fernando Cornett's Opposition (ECF No. 107), and Illinois National's Reply (ECF No. 108).

To determine whether to grant a stay pending appeal, the Third Circuit guides that this Court consider: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Revel AC, Inc.*, 802 F.3d 558,

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 2

568 (3d Cir. 2015) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). According to the Supreme Court, the first two factors are "the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). For the first factor, the Third Circuit requires a "a reasonable chance, or probability, of winning" to make a strong showing of success on the merits. *In re Revel AC, Inc.*, 802 F.3d at 568 (citing *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (en banc)). For the second factor, the movant must show "that irreparable injury is likely, not merely possible, in the absence of a stay." *Id*. at 569 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up)). The Third Circuit understands likely "to mean more apt to occur than not." *Id*.

Next, the Third Circuit weighs "the likely harm to the movant absent a stay…against the likely irreparable harm to the stay opponent(s) if the stay is granted," which the Third Circuit calls "the balancing of harms." *Id*.

The Third Circuit employs a sliding-scale approach as to all four factors. *Id*. For example, the lesser "the moving party's likelihood of success on the merits, the [more] heavily the balance of harms must weigh in its favor…." *See Id*. at 570. Nevertheless, if the movant fails to "'make the requisite showing on either of the[] first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and *the stay should be denied without further analysis.*'" *Id*. at 571 (citing *In re Forty-Eight Insulations*, 115 F.3d 1294, 1300-01 (7th Cir. 1997)).

As to the first factor, the movant must show that it is likely to succeed on the merits. In its Motion, Illinois National argues that the District Court will likely find that the

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 3

Magistrate Judge committed clear error by finding it waived objections based on privilege for failing to produce a privilege log as to Demands 2 and 3 (ECF No. 104 at 4). As extrapolated from its Objections to the Magistrate Judge's April 12, 2021 Memorandum Opinion and Order, Illinois National also signals that the District Court will likely find that the Magistrate Judge committed clear error by not addressing Virgin Islands and Third Circuit case law allegedly supporting the irrelevancy of extrinsic evidence requested by Cornett in Demands 2 and 3 (ECF No. 103 at 10).

Cornett responds in several ways. First, he argues that Illinois National concedes that it did not provide a privilege log as to what documents it withheld under Demands 2 and 3; thus, the Court did not err and Illinois National did not meet its burden (ECF No. 107 at 2, 7). Second, he argues that Illinois National "relie[s] on outdated law to bolster its argument regarding extrinsic evidence." *Id*. at 2. Also, on this point, Cornett argues that Illinois National provided boilerplate relevancy objections and "outdated contract law" that would be unlikely to succeed before the District Judge. *Id*. at 3.[1] Third, he argues that Illinois National has the burden to show that the documents requested were not proportional to the case and it did not meet its burden; thus, the Court did not err as to proportionality. *Id*.

Illinois National responds that it has met its burden under the first factor by showing "a reasonable chance, or probability, of winning" (ECF No. 108 at 1).

---

[1] Cornett also details that the documents it demands relate to its counterclaims against Illinois National, which he argues the Court should consider when determining the relevancy of documents propounded (ECF No. 107 at 4).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 4

As to the point that the Court erred in finding that Illinois waived privilege as to Demands 2 and 3, the Court will return to its Memorandum Opinion and Order (*see* ECF No. 98). The reason that the Court found that Illinois National waived privilege as to all objections to requests for production of documents was not because of the presence or absence of a privilege log, but because Illinois National failed "to provide 'a detailed description of the materials in dispute and state the specific and precise reasons for [its] claim of protection from disclosure' in its responses" (ECF No. 98 at 11 (referencing *Orchestrate HR, Inc. v. Trombetta*, No. 3:13-cv-2110-P, 2014 WL 884742, at *2 (N.D. Tex. Feb. 27, 2014)). The Court finds that because Illinois National misdescribed the Magistrate Judge's findings and failed to appreciate the caselaw cited from the Northern District of Texas, it is unlikely to succeed on the merits as to its Objections to Magistrate Cannon's April 12, 2021 Memorandum Opinion and Order.

As to the point about extrinsic evidence, the Court finds Illinois National's reliance on persuasive authority from this Court and the Middle District of Pennsylvania, as well as Third Circuit caselaw, misplaced; hence, the Court reasonably relied on persuasive authority from Minnesota and Puerto Rico (*see* ECF No. 98 at 6-7). First, *Coakley Bay Condominium Ass'n v. Continental Ins. Co.*, 770 F. Supp. 1046 (D.V.I. 1991), and *Reliance Ins. Co. v. Moessner*, 121 F.3d 895 (3d Cir. 1997) involved summary judgment motions and not motion to compels, so these cases do not control.[2] Second, the court in *Westfield Ins. Co. v.*

---

[2] The Court is not bound by a decision of the U.S. District Court of the Virgin Islands, but usually rules similarly based on prudence as opposed to binding authority.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 5

*Icon Legacy Custom Modular Homes*, 321 F.R.D. 107 (M.D. Pa. 2017), grappled with the issue of "whether, and to what extent, extrinsic evidence is discoverable in a declaratory insurance coverage action *where bad faith is no longer at issue.*" *Westfield Ins. Co.*, 321 F.R.D. at 107 (emphasis added). In the matter at hand, the bad faith counterclaim is still at issue (*see* ECF No. 65 at 8, 10) because the District Court has not dismissed it, so *Westfield Ins. Co.* is factually distinguishable.

As to the point about the Court allegedly failing to consider the proportionality of the discovery requested by Cornett, Illinois National provided boilerplate relevancy objections which the Federal Rules of Civil Procedure prohibit. *See*, *e.g.*, Fed. R. Civ. P. 34(b)(2)(B) (stating that the response must "state with specificity the grounds for objecting the request, including the reasons").

Accordingly, Illinois National has not met its burden to show that it is likely to succeed on the merits.

As to the second factor, the movant must show that it will be irreparably injured absent a stay. In its Motion, Illinois National argues that irreparable injury would result absent a stay because on April 30, 2021 it would be required to fully respond and produce documents in response to these requests "without the ability to withhold privileged or otherwise protected documents" (ECF No. 104 at 5). In other words, the relief Illinois National seeks from the District Court in its objections would become moot without a stay of the April 12, 2021 Memorandum Opinion and Order. *Id*. at 5. In addition, Illinois National asserts that it "has identified at least two contracts between AIG Claims, Inc. and AIG's

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 6

subsidiaries…potentially responsive to Demands 2 and 3…which it has agreed to produce." *Id*. Illinois National states, however, that these contracts constitute "highly confidential…proprietary business information," "which should be produced only subject to a protective order." *Id*.

Cornett asserts that Illinois does not provide proof that it will suffer irreparable harm because it "has failed to identify a single document via privilege log or index that, if produced, would cause '"irreparable harm"'" (ECF No. 107 at 1).

Illinois National replies that Cornett ignores the caselaw it cites that an order requiring disclosure "may cause irreparable harm" (ECF No. 108 at 6).

At the crux of the matter, here, Illinois National failed to object with particularity as to Demands 2 and 3. *See*, *e.g.*, *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005) (finding that "objections to document production requests must be stated with particularly in a timely answer, and that a failure to do so may constitute a waiver of grounds not properly raised…."). Illinois National even concedes that it did not produce a privilege log as to Demands 2 and 3. (ECF No. 108 at 3). Now in an emergency motion for stay filed at the eleventh hour, Illinois National identifies two contracts with "highly confidential…proprietary business information" (ECF No. 104 at 5). Still, the Court finds that stay is warranted as to these two contracts. In the totality, however, the Court finds that Illinois National has failed to show irreparable injury absent a stay as to other document requests.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 7

Accordingly, Illinois National has not met its burden to show that it will be irreparably injured absent a stay.

Since Illinois National fails to "'make the requisite showing on either of the[] first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and *the stay should be denied without further analysis.*'" *In re Revel AC, Inc.*, 802 F.3d at 571 (citing *In re Forty-Eight Insulations*, 115 F.3d at 1300-01).

WHEREFORE, it is now hereby **ORDERED**:

1. Illinois National Insurance Company's Emergency Motion for Stay of April 12, 2021 Memorandum Opinion and Order (ECF No. 104) is **GRANTED IN PART AND DENIED IN PART**.

2. Production of the two contracts between AIG Claims, Inc. and AIG's subsidiaries is **STAYED** pending resolution of the Objections to Magistrate Cannon's April 12, 2021 Memorandum Opinion and Order (ECF No. 103).[3]

3. The deadline of on or before **Friday, April 30, 2021** to serve amended, full and complete responses to Defendant Fernando Cornett's First Demand for Production of Documents to Plaintiff Illinois National Insurance Company, requests numbered 2-3, inclusive, 5, 8-9, inclusive, and 11-14, inclusive with the exception 4, 6-7, inclusive, and 10, for which Illinois National does not have to respond (see ECF No. 98 at 19) is **MODIFIED** to on or before **Friday, May 7, 2021**.

---

[3] While the District Court handles the Objections to Magistrate Cannon's April 12, 2021 Memorandum Opinion and Order, the parties may negotiate a protective order as to the two contracts Illinois National has identified as highly confidential, proprietary business information.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 8

ENTER:

Dated: April 29, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE