**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **ILLINOIS NATIONAL INSURANCE COMPANY and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG, PA,**<br><br>    **Plaintiffs,**<br><br>  v.<br><br>**FERNANDO CORNETT,**<br><br>    **Defendant.**<br>_____ | **1:20-cv-00008** |

TO: Lee J. Rohn, Esq.
   Carol Rich, Esq.
   Gregory A. Gidus, Esq.
   Heidi Hudson Raschke, Esq.
   Malorie Winnie Diaz, Esq.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendant Fernando Cornett's Motion to Stay Proceedings (ECF No. 83), Plaintiff Illinois National Insurance Company's Opposition (ECF No. 91), and Cornett's Reply (ECF No. 100).

### I. BACKGROUND

This case involves a declaratory judgment action brought by Illinois National and National Union Fire Insurance Company of Pittsburg, PA, to have the Court declare that no coverage exists in a Title VII[1] employment dispute filed in this Court around 13 years ago.

---

[1] Cornett also brought claims under the Virgin Islands Civil Rights Act. *Fernando Cornett v. HOVENSA, LLC*, 1:07-cv-00025, Complaint (D.V.I. Mar. 5, 2007). In addition, Cornett brought age discrimination claims against

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 2

On September 15, 2015, HOVENSA filed a voluntary petition for Chapter 11 bankruptcy in the District Court of the Virgin Islands, Bankruptcy Division. Shortly after, the Court designated this case as a suspense matter because of the automatic bankruptcy stay imposed under 11 U.S.C. § 362 *et seq*. Under a claims resolution order in the bankruptcy matter, Cornett received relief from the automatic stay to pursue recovery from Liquidating Trust Insurance Policies, including insurance policies issued to HOVENSA. As a result, Cornett waived all claims against the HOVENSA liquidating trust, including any right to distribution from the trust, and chose to recover solely from HOVENSA's insurers.

On February 19, 2020, Illinois National and National Union, insurers of HOVENSA, filed this declaratory judgment action against Cornett, seeking declarations that no coverage exists for HOVENSA for claims, losses, damages, or liabilities alleged by Cornett (ECF No. 1).[2] Cornett now moves to stay the declaratory judgment action pending resolution of the Title VII employment dispute.

## II. DISCUSSION

### A. Legal Standard

A court's "power to stay proceedings" derives from its "inherent" ability "to control…its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay constitutes an "extraordinary remedy," *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Human Servs.*, No. 13-1144 , 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013)

---

HOVENSA and Hess Oil Virgin Islands (i.e., HOVIC). HOVIC is no longer a party to the employment dispute. *See Fernando Cornett v. HOVENSA, LLC*, 1:07-cv-00025, Memorandum and Order (D.V.I. July 12, 2012).
[2] The original complaint in this declaratory judgment action has since been amended (*see* ECF No. 57).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 3

(citing *United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978)), that the movant has a burden to show. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). When determining a motion to stay during resolution of seemingly related litigation, courts examine whether resolution of the related litigation substantially impacts or moots the action in question. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446-47 (D.N.J. 2014) (citing *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976)). To decide whether to stay an action, courts balance the following competing interests:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set.

*Akishev*, 23 F. Supp. 3d at 446 (internal citations and quotation marks omitted).[3]

---

[3] The Third Circuit considers specific factors when deciding whether to stay a declaratory judgment action, including:

> (1) whether the state and federal suits present the same issues; (2) whether the state court is better able to settle the controversy, including the existence of novel state law issues; (3) the adequacy and reach of the state court proceedings; (4) the obligation to discourage duplicative and piecemeal litigation; and (5) how far each proceeding has advanced.

*American Casualty Co. v. Continisio*, 819 F. Supp. 385, 393 (D.N.J. 1993) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). These factors from the Third Circuit involve a factual scenario when a declaratory judgment has been filed in federal court, while there exists a potentially parallel proceeding in state court. Yet the matters at hand involve a declaratory judgment action and an employment dispute both filed in federal court. Thus, the Court will not consider these factors when determining whether to stay the declaratory judgment action pending resolution of the employment dispute. *See, e.g.*, *American Casualty Co.*, 819 F. Supp. at 393 (distinguishing the *Brillhart* factors because "[t]he underlying action upon which a declaration is sought is pending in [federal court], not in state court").

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 4

### B. Analysis

As to the first factor, this Court considers whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-movant. In his Motion, Cornett argues that a stay would not unduly prejudice or present a clear tactical to Illinois National because staying the declaratory judgment action would "eliminate[] any economic hardship and [] expenditure of time and resources on competing cases" (ECF No. 83 at 7). Cornett concedes that to the extent that Illinois National would experience prejudice, this possibility is due to Illinois National's "own failure to timely assert a declaratory judgment action and to allow the [employment dispute] to proceed to trial and their decision to frivolously deny coverage [13] years ago." *Id*. at 8.[4]

Illinois National responds that staying the declaratory judgment action would unduly prejudice it in three ways. First, a stay would unduly prejudice Illinois National "by requiring [it] to defend HOVENSA" when insurance policies may not cover the misconduct alleged in the employment dispute (ECF No. 91 at 11). Second, Illinois National would face undue prejudice if it had to wait until the resolution of the employment dispute to resolve whether the insurance policies cover the misconduct alleged in the employment dispute. *Id*. at 12. Third, staying the declaratory judgment action would postpone discovery on issues different from the employment dispute. *Id*. at 13.

---

[4] Cornetts raises two other points. First, he asserts that "a jury determination in the [employment dispute] that he made no claims against HOVENSA related to conduct before 1998 would prove that this declaratory judgment is futile" (ECF No. 83 at 8). Second, he argues that Illinois should be estopped from claiming hardship if the Court stays the declaratory judgment action because of the doctrine of laches. *Id*. at 8-9.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 5

Cornett replies that the Court should summarily reject Illinois National's claims of prejudice because it "would have to defend HOVENSA considering [it] denied coverage years ago" (ECF No. 100 at 4). Cornett then replies with a string of arguments. First, Cornett asserts that although Illinois National complains that it is not a party in the employment dispute and, thus, did not have the opportunity to depose him, these arguments do not clearly weigh against staying the declaratory judgment action. *Id*. at 4. Second, Cornett repeats its assertion that estoppel applies to Illinois National's argument that it did not serve as a party in the employment dispute and, thus, "did not have an opportunity to participate in the proceedings." *Id*. Third, Cornett argues that Illinois National received notice of the employment dispute before June 2007 but chose not to participate. *Id*. at 4-5. Fourth, Cornett continues that Illinois National cannot complain 13 years after he filed the employment lawsuit that it could not participate in the suit as an excuse against staying the declaratory judgment action. *Id*. at 5. Fifth, Cornett argues that Illinois National cannot assert prejudice for its inability to depose him regarding discrimination by HOVIC because discovery can only be conducted on "relevant matters." *Id*.[5] Sixth Cornett posits that Illinois National—and National Union—"continue[] to deny coverage under the false premise that Hovensa [became] the successor in interest to Hovic." *Id*. at 6. Seventh, Cornett continues that acts committed by an entity other than HOVENSA are not relevant to the declaratory judgment action.[6] Eighth, Cornett then states that he will rely on the deposition taken in the

---

[5] Cornett adds that this Court has decided that HOVIC and HOVENSA constitute separate corporate entities. *Id*. at 6.
[6] Cornett uses the phrase "these proceedings," *Id*., so presumably he did not mean to extend this argument to

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 6

employment dispute because of "the passage of time" and his lack of "mental activity to be deposed." *Id*. Ninth, Cornett ends that these string of arguments follow that "the first factor weighs in favor of…granting a stay of" the declaratory judgment action. *Id*.

The Court finds that Cornett has not met his burden to show that a stay of the declaratory judgment action should follow. Although noteworthy, the string of arguments Cornett provides do not show that an extraordinary remedy like stay should follow. Moreover, the Court finds that Illinois National may face undue prejudice if it has to wait until the resolution of the employment dispute involving HOVENSA to resolve whether the insurance policies cover the misconduct alleged in the employment dispute.

Accordingly, this factor weighs against granting a stay.

As to the second factor, this Court considers whether denying the stay would create a clear case of hardship or inequity for Cornett. In his Motion, Cornett argues that if the Court does not stay the declaratory judgment action, "he will…expend time and resources on two cases[,] including repeating [] depositions[,]" "when a simple trial of [the employment dispute] will also resolve the dec[laratory judgment] action" (ECF No. 83 at 10).

Illinois National responds that Cornett contends from "the incorrect premise that a jury verdict will moot this action," which holds no weight because the issues in the employment dispute do not determine the coverage issues in the declaratory judgment

---

the employment dispute.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 7

action (ECF No. 91 at 14). Illinois National then asserts that even if a jury renders a verdict against HOVENSA in the employment dispute, Cornett will still have to litigate the coverage issues presented in the declaratory judgment action to determine whether he could recover on a judgment in the employment dispute. *Id*.

Cornett replies that "he does not have financial resources" "to expend time and resources on" the employment dispute and the declaratory judgment action "at the same time" (ECF No. 100 at 7). Cornett continues that Illinois National claims, without citing authority, "that [he] will still have to litigate" whether insurance policies cover alleged misconduct in the employment dispute assuming he obtains a verdict in his favor in that dispute. *Id*. Cornett furthers the jury will have to render a special verdict in the employment dispute deciding whether claims against HOVENSA occurred before October 1998. *Id*. Cornett adds that this special verdict would render the declaratory judgment action moot; if a jury renders a judgment in favor of HOVENSA in the employment dispute, the declaratory judgment action would become moot. *Id*.

The Court finds that Cornett has not meet his burden to show that a stay of the declaratory judgment action should follow. First, the argument that a jury verdict in the employment dispute will moot this action has been offered without an iota of support. For example, the Court cannot foretell at this time whether the jury in the employment dispute will have to render a special verdict of whether claims against HOVENSA occurred before October 30, 1998, so this argument is premature. Second, the Court empathizes with the

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 8

financial burden of handling a suit against HOVENSA and defending a declaratory judgment action here, but financing litigation constitutes a natural aspect of the profession.

Accordingly, this factor weights against granting a stay.

As to the third factor, this Court considers whether a stay would simplify the issues and the trial of the case. In his Motion, Cornett argues that stay would simplify "the issues and trial of the case because a decision in the [employment dispute] would render" the declaratory judgment action "moot because a jury will [have] to render a special verdict" to determine "whether…claims against HOVENSA" occurred before 1998 (ECF No. 83 at 10). Cornett adds that the employment dispute "is ready for trial," so a stay would simplify the declaratory judgment action and impact how this matter "moves forward." *Id*. at 10.

Illinois National responds that the declaratory judgment action and the employment dispute do not raise the same issues and a determination declaring HOVENSA liable for post-October 30, 1998 discrimination would not serve dispositive to the declaratory judgment action (ECF No. 91 at 1). In addition, Illinois National argues that the issues presented in the employment dispute are different from the declaratory judgment action: Was HOVENSA liable for discriminatory acts after 2001, and, if so, did those acts damage Cornett? *Id*. at 9.[7] Thus, Illinois National ends that a stay of the declaratory judgment action

---

[7] Also, Illinois National takes umbrage with Cornett's argument that since he does not seek to recover for alleged misconduct before October 30, 1998, the Prior Acts Exclusion does not preclude recovery. *Id*. Cornett continues that the Prior Acts Exclusion applies in this matter if alleged misconduct in the employment dispute is related to "any actual or alleged" occurring before the prior acts date. *Id*. For example, Cornett asserts that the discrimination alleged in the employment dispute stemmed from a "continuing pattern" dating back to the beginning of Cornett"s employment in 1973. *Id*. at 10. Further, Illinois National has qualms with Cornett's argument that HOVIC—as opposed to HOVENSA—committed alleged misconduct occurring before October 30, 1998 because it asserts that this argument "would render the Prior Acts Exclusion meaningless" and read

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 9

while the Court adjudicates the employment dispute will not simplify the issues in this action because resolving the employment dispute will not dispose of the issues raised in the declaratory judgment action. *Id.* at 11.

Cornett replies that although Illinois National claims "that staying the declaratory judgment action [will] not simplify the issues because Hovensa [has become] exempt from insurance coverage under the 'wrongful acts' provision [due to a] 'continuous pattern' of discriminatory acts [beginning before] October 30, 1998," this argument lacks logic because HOVIC employed Cornett before this date while HOVENSA employed him on and after this date (ECF No. 100 at 8).[8] Thus, Cornett ends that the third factor weighs in favor of granting stay because no "continuing pattern" of discrimination can happen to Cornett when he had two different employers—first HOVIC and then HOVENSA—during his time working at the refinery. *Id.* at 9.

The Court finds that Cornett has not met his burden to show that a stay of the declaratory judgment action should follow. First, as mentioned above, the point that a decision in the employment dispute would moot the declaratory judgment action has been offered with nil support. For example, as also mentioned above, the Court cannot determine at this juncture whether the jury would have to render a special verdict in the

---

the exclusion out of the Illinois National's insurance policy. *Id.* Illinois National lastly notes that the Prior Acts Exclusion applies either insofar as HOVENSA becomes liable for HOVIC's actions under successor liability *or* if HOVIC employees, who allegedly committed discriminatory acts before October 20, 1998, "later bec[o]me insureds under the Illinois National" insurance policy. *Id.* at 11.

[8] Cornett cites to caselaw that this Court has found that HOVENSA became owner and operator of the refinery on October 30, 1998. *Id.* at 8. *See Nielsen-Allen v. Industrial Maintenance Corp.*, 285 F. Supp. 2d 671, 671 (D.V.I. 2002); *Krimmel v. HOVENSA, L.L.C.*, Civil No. 2002-0028, 2007 WL 6027821, at *2 (D.V.I. Nov. 28, 2007).

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 10

employment dispute if the alleged misconduct by HOVENSA occurred before October 30, 1998. Second, whether the prior acts exclusion applies to preclude coverage of the alleged misconduct constitutes an issue that the Court should dispose of in a future dispositive motion as opposed to in a motion for stay.

Accordingly, this factor weighs against granting a stay.

As to the fourth factor, this Court considers whether discovery is complete and/or a trial date has been set. In his Motion, Cornett asserts that the deadline for discovery has been set for April 30, 2021 (ECF No. 83 at 10). Cornett continues that parties will likely seek an extension to the discovery deadline since Illinois National filed an amended complaint and he filed a counterclaim. *Id*. at 11. Cornett then states that the Court has not set a trial date. *Id*. Cornett ends that judicial efficiency supports staying the declaratory judgment action while the Court adjudicates the employment dispute. *Id*.[9]

Illinois National responds that although Cornett seems to argue otherwise, "the fact that discovery is further along in the employment [dispute] does not support staying" the declaratory judgment action (ECF No. 91 at 14).[10] Illinois National also asserts that factual discovery in this declaratory judgment action ended on April 30, 2021, while the deadline for expert discovery is September 30, 2021, so this action "is not in its initial stages." *Id*. at 14.

---

[9] Cornett also argues that judicial economy follows that the Court should stay this declaratory judgment action and allow the employment dispute to proceed because the latter is ready for trial while the former is not. *Id*. at 11.
[10] Illinois National adds as a caveat that even though factual discovery has closed in the employment dispute, "expert discovery remains open until June 30, 2021." *Id*. at 14.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 11

Cornett replies that this case has been pending for a year[11] as Illinois National initiated the declaratory judgment action on February 9, 2020 (ECF No. 100 at 10). Cornett also states that he "met his burden to justify granting a stay of" this declaratory judgment action because discovery has not been completed and a trial date has not been calendared. *Id.* at 10.[12]

Courts usually deny motions for stay when parties have substantially—or have almost—completed discovery. *Nussbaum v. Diversified Consultants, Inc.*, Civ. No. 15-600, 2015 WL 5707147, at *3 (D.N.J. Sept. 28, 2015). On May 4, 2021, the Court entered an Order Amending Scheduling Order, which extended the factual discovery deadline to July 12, 2021 (ECF No. 112 at 2). The Court also extended the expert discovery deadline to December 15, 2021. *Id.* at 2. Although the Court finds, based on the arguments in the papers, that this factor weighs in favor of granting a stay, the extension of the discovery deadline from April 2021 to July 2021—including the extension of the expert discovery deadline from September 2021 to December 2021—*now* supports denying a stay of the declaratory judgment action pending resolution of the employment dispute.

Accordingly, this factor weighs against granting a stay.

---

[11] Cornett states that the case has been pending for "approximately a year." *Id.* at 10. In actuality, the case has been pending for over a year (i.e., almost one year and two months).

[12] Cornett asserts a last point that the prior action pending doctrine supports that "the judge [that] 'first has possession of the subject [of a case]' must decide it'" *Id.* at 10-11. In particular, Cornett asserts that he initiated the employment dispute 13 years ago, while Illinois National initiated the declaratory judgment a year ago. Thus, Cornett ends that staying the declaratory judgment action follows the tenets of the prior action pending doctrine. *Id.* at 11.

*Illinois National Insurance Co., et al. v. Fernando Cornett*
Memorandum Opinion and Order
1:20-cv-00008
Page 12

Since all four factors weigh against granting stay, Cornett has not met his burden to justify granting this extraordinary remedy. Accordingly, the Motion is denied.

WHEREFORE, it is now hereby **ORDERED**:

Defendant Fernando Cornett's Motion to Stay Proceedings (ECF No. 83) is **DENIED**.

ENTER:

Dated: May 5, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE